**UNITED STATES of America, Appellee,**

v.

**William Russell ADAMS, Appellant.**

**No. 13493.**

United States Court of Appeals Fourth Circuit.

Argued Dec. 2, 1969.

Decided Jan. 12, 1970.

Vernon F. Daughtridge, Wilson, N. C. (Court-appointed counsel), for appellant.

W. Arnold Smith, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on the brief), for appellee.

Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

██ Appointment of counsel for this defendant occurred on the afternoon of February 17th. The district court set the trial to begin at 9:30 A.M. on the morning of February 18th. On that morning counsel for defendant asked the court for a conference in chambers for the purpose of seeking a continuance to enable him to prepare a defense. In the course of the conference the administrative file of the draft board was delivered to the judge who proceeded to examine it and who thereupon entered an order finding a basis in fact for the classification. The subsequent granting of a continuance, amounted, we think, to little more than postponement of sentencing, for guilt was all but established by the in chambers proceeding. Counsel made a timely objection to the entry of the court's order finding that there was a basis in fact for the draft classification. We think the court should not have proceeded so rapidly to partly try the case and should not have tried a portion of it in chambers. Such expedition denied the defendant effective assistance of counsel.

██ We recognize that it may sometimes be efficient and convenient for a district judge to study the file of an administrative proceeding in the privacy of his own chambers, and we do not mean to preclude his doing so. Preparation for trial by the district judge may rightly be made in private, but the trial itself, including the determination of the

question of whether or not there is a basis in fact for a draft classification, should be conducted in open court, for the constitution entitles every defendant to a *public* trial.

On appeal counsel agree that confusion is apparent in the record with respect to the processing of defendant's claim of conscientious objector status. Although no Form 150 was ever filed, defendant asked both Greensboro and Goldsboro local boards for the right of personal appearance and testified that he needed assistance in filling out the form and understood he might file it at the time of personal appearance. On remand, we direct the district judge to remand the case to the local draft board with instructions to permit the defendant to file a Form 150, grant a personal appearance, and consider and decide whether or not he is entitled to the status of conscientious objector.

Reversed and remanded.